IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00464-GCM
(3:95-cr-00020-GCM-2)

| | |
|---|---|
| JAMES LARRY JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Respondent's motion to stay the disposition of Petitioner's § 2255 Motion to Vacate. (Doc. No. 5: Motion to Stay). Petitioner does not oppose the motion.

In his § 2255 Motion to Vacate, Petitioner challenges his designation as a career offender under § 4B1.2 of the U.S. Sentencing Guidelines Manual, and he relies on the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015), in which the Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after concluding that it violated due process because it was unconstitutionally vague.

In the motion to stay, Respondent notes the Supreme Court has granted a petition for a writ of certiorari in Beckles v. United States, No. 15-8544, to consider whether the Johnson Court's conclusion regarding the residual clause of the ACCA should apply to the residual clause of the career offender guideline, and if so, whether Johnson should apply retroactively on collateral review. The Court is also considering the issue of whether possession of a sawed-off shotgun is a crime of violence under the Guidelines.

1

Because resolution of the issues involved in the Beckles case may have a bearing on the disposition of the issues in Petitioner's case, the Court will grant Respondent's motion.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay is **GRANTED**, (Doc. No. 5), and Respondent shall have 60-days from the date the Supreme Court renders its decision in Beckles v. United States to file a response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED**.

Signed: September 16, 2016

Graham C. Mullen
United States District Judge